**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED

OCT 2 4 2025

AT_____ O'CLOCK
John M. Domurad, Clerk - Albany

John Doe,

    **Plaintiff**,

v.                                                              Civil Action No. 1:25-cv-01450

ALBANY LAW SCHOOL, et al.,

    **Defendants**.

---

## EMERGENCY MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Pursuant to Federal Rule of Civil Procedure 65 and this Court's equitable authority, Plaintiff Austin Roy Clark respectfully moves for a preliminary injunction ordering Albany Law School to:

1. Vacate Plaintiff's dismissal;

2. Permit Plaintiff to reenroll on a conditional or monitored basis and restore plaintiff's former scholarship;

3. Seal disciplinary and Title IX records pending adjudication and refrain from reopening any Title IX case;

4. Cease any ongoing disclosures or enforcement related to the disputed proceedings;

5. Refrain from retaliatory or discriminatory conduct under Title IX and the ADA.

In support, Plaintiff submits the following Memorandum of Law and accompanying Verified Affidavit and incorporates by reference the allegations set forth in the Verified Complaint.

---

## MEMORANDUM OF LAW

### I. INTRODUCTION

This case arises from a deeply flawed disciplinary and Title IX process in which Albany Law School acted with bias, procedural irregularity, and retaliatory intent—culminating in Plaintiff's dismissal at 9:30 PM on a Friday night, after he disclosed mental health struggles, sought accommodations, and attempted to resolve the matter informally.

Absent immediate injunctive relief, Plaintiff faces irreparable harm to his professional future, bar admission, and mental health—harms that outweigh any alleged burden to Defendants and are contrary to the public interest.

## II. LEGAL STANDARD

To obtain a preliminary injunction, a plaintiff must demonstrate:

1. A likelihood of success on the merits;

2. A risk of irreparable harm absent relief;

3. That the balance of hardships tips in the plaintiff's favor; and

4. That an injunction serves the public interest.

> — Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008);

> — Doe v. Rensselaer Polytechnic Inst., 2020 WL 6118492 (N.D.N.Y. Oct. 16, 2020).

## III. ARGUMENT

### A. Plaintiff is Likely to Succeed on the Merits

1. Title IX Violations – Sex Discrimination & Retaliation

Plaintiff alleges that he was treated as presumptively guilty based on sex-based stereotypes. Administrators labeled him "harassing" and "stalking" before any complaint was filed, pushed for formal allegations from the complainant, and dismissed him shortly after he opposed the process. See Doe v. Columbia Univ., 831 F.3d 46, 57 (2d Cir. 2016); Doe v. Purdue Univ., 928 F.3d 652 (7th Cir. 2019).

2. ADA Violations – Failure to Accommodate & Retaliation

Despite documentation of PTSD, suicidal ideation, and therapy participation, Defendants failed to engage in the interactive process. See Wright v. N.Y. State Dep't of Corr., 831 F.3d 64 (2d Cir. 2016). Shortly after Plaintiff requested accommodations, he was expelled—establishing a causal link. Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002).

3. Procedural and Substantive Due Process

Plaintiff was deprived of liberty and property interests without fair notice, meaningful opportunity to be heard, or neutral adjudication. Goss v. Lopez, 419 U.S. 565 (1975); Ewing v. Bd. of Regents, 474 U.S. 214 (1985); Al-Dabagh v. Case W. Res. Univ., 777 F.3d 355 (6th Cir. 2015).

### B. Plaintiff Will Suffer Irreparable Harm Without Relief

Plaintiff faces:

- Bar admission ineligibility due to expulsion and pending Title IX record;

- Loss of professional opportunity after years of legal training;

- Ongoing mental health injury, having already attempted suicide following his expulsion;

- Loss of reputation and stigma from unsealed, unresolved allegations.

These are not compensable by damages alone. Doe v. N.Y.U., 666 F.2d 761 (2d Cir. 1981).

### C. The Balance of Equities Strongly Favors Plaintiff

Plaintiff only seeks temporary, conditional reinstatement and sealing of records pending litigation—not immunity from discipline, but a fair process. Defendants suffer no material prejudice from permitting due process and access to education. Bd. of Curators v. Horowitz, 435 U.S. 78 (1978).

### D. The Public Interest Supports Relief

The public has a strong interest in:

- Fair and unbiased school disciplinary processes;

- Enforcement of civil rights statutes;

- Rehabilitation and due process for struggling students.

See Cannon v. Univ. of Chi., 441 U.S. 677, 704 (1979).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court issue a preliminary injunction ordering his conditional reinstatement, sealing of disciplinary records, and immediate cessation of retaliatory and discriminatory conduct.

Respectfully submitted,

John Doe

Pro Se Plaintiff

## **CERTIFICATE OF SERVICE**

This is to certify that at true and exact copy of the foregoing and referenced exhibits was this _20th_ day of _10_ deposited in the United States mail, postage prepaid, addressed for delivery, or sent electronically, to:

Bob Sears

Head of Security at Albany Law School

and designated service representative for defendants

80 New Scotland Ave, Albany, NY 12208

John Doe *Pro Se*