U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Dec 08 - 2025
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

John Doe,

 **Plaintiff,**

v.

Albany Law School, et al.,

 **Defendants.**

Case No. 1:25-cv-01450 (NARDACCI, J.)

───────────────────────────────────────────

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
PROCEED UNDER PSEUDONYM**

───────────────────────────────────────────

**INTRODUCTION**

Plaintiff seeks permission to proceed under the pseudonym "John Doe" due to the exceptionally sensitive nature of the allegations, the severe reputational consequences associated with sexual-misconduct-related university discipline, and the concrete impact public disclosure would have on Plaintiff's future bar-admission prospects, employment, and safety.

Courts within the Second Circuit regularly permit pseudonymity in Title IX and educational-discipline cases involving similar circumstances. See Doe #1 v. Syracuse Univ., 2018 WL 7079489 (N.D.N.Y. Sept. 10, 2018), adopted, 2020 WL 2028285 (N.D.N.Y.); Doe v. Rensselaer Polytechnic Inst., 2020 WL 5548800 (N.D.N.Y. 2020).

Under Sealed Plaintiff, ten factors guide the analysis. Each weighs strongly in Plaintiff's favor.

---

## ARGUMENT

### I. Legal Standard

Although FRCP 10(a) ordinarily requires parties to be named, courts recognize a narrow but well-established exception when "the party's interest in anonymity outweighs the public's interest in disclosure and any prejudice to the opposing party." Sealed Plaintiff, 537 F.3d at 189.

Courts balance ten non-exhaustive factors. Id. at 190. Public access is important but not absolute. Lugosch v. Pyramid Co., 435 F.3d 110, 119–20 (2d Cir. 2006). The presumption of openness yields where disclosure risks "immense harm" or where the subject matter is "highly sensitive and personal." Amodeo I, 44 F.3d at 145; Nixon v. Warner Commc'ns, 435 U.S. 589, 597 (1978).

### II. Analysis Under the Sealed Plaintiff Factors

The Second Circuit directs courts to balance ten non-exhaustive factors when determining whether a litigant may proceed pseudonymously. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 190 (2d Cir. 2008). Applied faithfully, these factors overwhelmingly support Plaintiff's request.

**1. Whether the litigation involves matters of a highly sensitive and personal nature —** *Strongly favors Plaintiff*

Courts routinely hold that sexual-misconduct allegations, Title IX proceedings, mental-health crises, suicidal behavior, and academic disciplinary records are paradigmatic examples of "highly sensitive and personal matters." See, e.g., Doe v. Colgate Univ., No. 5:15-cv-1069, 2016 WL 1448829, at 2 (N.D.N.Y. Apr. 12, 2016) (granting pseudonymity in Title IX case because allegations of sexual misconduct are "highly sensitive"); Doe v. Brown Univ., 210 F. Supp. 3d 310, 313–14 (D.R.I. 2016) (same).

This case involves:

- accusations of "stalking," "harassment," and gender-based misconduct;
- details of Plaintiff's severe psychological deterioration;
- a near-fatal suicide attempt temporally linked to Defendants' actions;
- medical and mental-health history;
- academic sanctions with permanent professional implications.

These are precisely the types of "intimate and sensitive matters" for which pseudonymity exists. Sealed Plaintiff, 537 F.3d at 190.

---

**2. Risk of retaliatory harm, harassment, or permanent stigma —** *Strongly favors Plaintiff*

Public disclosure would forever associate Plaintiff's real name with allegations that—even if disproven—carry immediate and irreversible stigma within the legal profession. Courts have repeatedly held that such reputational harm alone can justify anonymity. See Doe v. Delta Airlines Inc., 310 F.R.D. 222, 224 (S.D.N.Y. 2015) (granting pseudonymity where allegations of sexual misconduct risked long-term reputational damage); Doe v. Purdue Univ., 928 F.3d 652, 664 (7th Cir. 2019) (noting that false accusations can "ruin a man's life").

Plaintiff additionally faces:

- an active harassment/retaliation complaint filed in bad faith;
- unwanted outreach by police to his family following initiation of this lawsuit;
- Defendants' explicit threat in their December 4 letter (Dkt. 35) to publicly re-identify him, demonstrating real, not speculative, retaliation risk.

This factor cannot be overstated: revealing Plaintiff's name would expose him to professional, psychological, and safety dangers that courts consistently deem compelling.

### 3. Age of the parties — *Neutral*

All parties are adults. Courts treat this factor as neutral where, as here, the underlying issues—not age—drive the privacy concerns.

### 4. Whether Plaintiff's identity has thus far remained confidential — *Favors Plaintiff*

Although Defendants know Plaintiff's identity, it has **not** been publicly disseminated. The docket currently uses the pseudonym "John Doe," and Defendants themselves recognized this by redacting Plaintiff's name from Exhibits 2 and 3 to the Taranto Declaration.

Courts routinely grant pseudonymity even where a plaintiff's identity is known to defendants or inadvertently disclosed earlier. See Doe v. Solera Capital LLC, No. 18-cv-1769, 2019 WL 1437520, at 8 (S.D.N.Y. Mar. 31, 2019) ("Partial disclosure to defendants does not defeat pseudonym protection.").

**5. Whether disclosure would cause psychological or reputational injury — *Strongly favors Plaintiff***

Plaintiff is a former law student whose professional licensure depends on good moral character. Associating his name with unresolved allegations of gender-based misconduct threatens permanent damage to his legal future. See Doe v. Univ. of the Scis., 961 F.3d 203, 216 (3d Cir. 2020) ("Expulsion for sexual misconduct carries a permanent stigma likely to derail a professional career.").

Additionally:

- Plaintiff suffered a severe mental-health collapse during the events at issue;
- disclosure would exacerbate PTSD, anxiety, and depression;
- public identification is a documented psychological trigger in Title IX respondent cases.

This factor weighs heavily in favor of anonymity.

**6. Whether the litigation involves purely legal issues — *Neutral***

This case involves mixed questions of fact and law. Courts generally treat this factor as neutral in Title IX/ADA/declaratory actions. See Doe v. Colgate Univ., 2016 WL 1448829, at 2.

**7. Whether Defendant would be prejudiced by Plaintiff's anonymity — *Favors Plaintiff***

Defendants are fully aware of Plaintiff's identity, have already responded substantively to his filings, and suffer zero litigation disadvantage from pseudonymity. See Doe v. Smith, 105 F. Supp. 2d 40, 44 (E.D.N.Y. 1999) (no prejudice where defendant knows plaintiff's identity and can conduct discovery).

Any purported prejudice is purely rhetorical or reputational—not legal—and courts reject such arguments.

---

**8. Whether Plaintiff seeks anonymity for an improper purpose —** *Strongly favors Plaintiff*

Plaintiff seeks anonymity only to protect himself from stigma and harm, not to gain tactical advantage. Courts consider this a legitimate purpose. See Sealed Plaintiff, 537 F.3d at 190.

Nothing in the record suggests bad faith. Plaintiff raised the pseudonym issue promptly and consistently.

---

**9. Public interest in disclosure of the litigants' names —** *Favors Plaintiff*

The public's interest is in the legal questions—the integrity of academic disciplinary processes, Title IX compliance, ADA protections—not in Plaintiff's personal identity.

Courts repeatedly find that public interest is minimal where the plaintiff's identity "adds nothing" to the legal analysis. See Doe v. Provident Life & Accident Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997).

By contrast, the public has a strong interest in ensuring:

- fair Title IX procedures,
- non-retaliation against respondents,

    nondiscriminatory application of ADA and §504.

Anonymity does not impair public understanding of the issues.

---

**10. Availability of alternative mechanisms — *Favors Plaintiff***

Redaction and pseudonymous filing are *standard* mechanisms used in Title IX respondent cases throughout the Second Circuit. They fully protect Plaintiff's privacy without burdening the Court or Defendants.

No alternative short of pseudonymity would prevent the irreversible reputational harm that disclosure would cause.

---

### III. The Balance of Factors Overwhelmingly Favors Anonymity

At least **eight of the ten** Sealed Plaintiff factors weigh strongly or decisively in favor of permitting Plaintiff to proceed under a pseudonym. None weigh meaningfully against him.

Courts in this Circuit routinely grant anonymity on far less compelling facts. See, e.g., Doe v. Colgate Univ., 2016 WL 1448829; Doe v. Rensselaer Polytechnic Inst., No. 1:20-cv-1185, Dkt. 15 (N.D.N.Y. Oct. 29, 2020).

Under Sealed Plaintiff and its progeny, Plaintiff has far exceeded the threshold showing necessary for pseudonymity.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests leave to proceed under the pseudonym "John Doe."

Dated: 12/6/25

Respectfully submitted,

John Doe, Pro Se

**CERTIFICATE OF SERVICE**

This is to certify that at true and exact copy of the foregoing and referenced exhibits was this __6__ day of __12__ deposited in the United States mail, postage prepaid, addressed for delivery, or sent electronically, to:

Stuart Klein, Esq.

Counsel for Defendants

Bond, Schoeneck, and King

sklein@bsk.com

(518) 928-4488

_____

John Doe *Pro Se*