UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN DOE,

                    Plaintiff,

        v.

ALBANY LAW SCHOOL, et al.,

                    Defendants.

Civil Action No. 1:25-cv-1450 (AMN/ML)

# DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

BOND, SCHOENECK & KING, PLLC

*Attorneys for Defendants*
22 Corporate Woods Blvd., Suite 501
Albany, New York 12211
T: 518.533.3202
E: sklein@bsk.com

*Of Counsel:*    Stuart F. Klein, Esq.
                   Michael S. Barnett, Esq.

22767012.v1-12/18/2025

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................................... 1

PROCEDURAL HISTORY .............................................................................................................. 2

ARGUMENT .................................................................................................................................... 3

    I.    LEGAL STANDARD ......................................................................................................... 3

    II.   PLAINTIFF HAS FAILED TO MEET HIS BURDEN FOR PROCEEDING BY
         PSEUDONYM .................................................................................................................... 5

CONCLUSION ............................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anonymous v. Medco Health Solutions, Inc.*,
    588 Fed. Appx. 34 (2d Cir. 2014) ................................................................................12

*Doe v. City of N.Y.*,
    201 F.R.D. 100 (S.D.N.Y. 2001) ..................................................................................4

*Doe v. Cornell Univ.*,
    2021 U.S. Dist. LEXIS 248809 (N.D.N.Y. Jan. 28, 2021) ...............................6, 9, 11

*Doe v. Del Rio*,
    241 F.R.D. 154 (S.D.N.Y. 2006) ...............................................................................5-6

*Doe v. Ithaca City Sch. Dist.*,
    2025 U.S. Dist. LEXIS 222241 ................................................................................6, 8, 9

*Doe v. Loyola Univ. Chi.*,
    100 F.4th 910 (7th Cir. 2024) ....................................................................................6-7

*Doe v. Syracuse Univ.*,
    2018 U.S. Dist. LEXIS 154899 (N.D.N.Y. Sept. 10, 2018) .......................................7

*Doe v. Trs. of Ind. Univ.*,
    101 F.4th 485 (7th Cir. 2024) ...............................................................................2, 5, 10

*Doe v. Univ. of Vermont & State Agric. College*,
    2022 U.S. Dist. LEXIS 227691 (D. Vt. Dec. 19, 2022) ............................................7

*Doe v. Weinstein*,
    484 F. Supp. 3d 90 (S.D.N.Y. 2020) ...........................................................................6

*Matter of Olivarius*, 94 A.D.3d 1224 (3d Dept. 2012) ....................................................7

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) ....................................................................................................4

*Sealed Plaintiff v. Sealed Defendant*,
    537 F.3d 185 (2d Cir. 2008) ............................................................................... *passim*

*Sloley v. N.Y. State Dep't of Corr. & Cmty. Supervision*,
    2025 U.S. App. LEXIS 11882 (2d Cir. May 16, 2025) ............................................11

*United States v. Amodeo*,
    44 F.3d 141 (2d Cir. 1995) .........................................................................................4

**Statutes**

Americans with Disabilities Act ................................................................................................6

**Other Authorities**

Federal Rule of Civil Procedure 10(a) .......................................................................................3

Federal Rule of Civil Procedure 17(a) .......................................................................................3

Local Rule 5.3 ..........................................................................................................................12

## PRELIMINARY STATEMENT

Defendants[1], by and through their attorneys, Bond, Schoeneck & King PLLC, submit this memorandum of law in opposition to Plaintiff's second motion seeking to litigate this case using a pseudonym.

The Federal Rules of Civil Procedure require parties to publicly identify themselves; caselaw permits only limited exceptions. Plaintiff fails to carry his burden of demonstrating why he is entitled to the special treatment he seeks.

Plaintiff has already disclosed his full name in three public filings, two of which have been on the docket for two months. That fact alone dooms his motion, and tellingly he does not address it. Plaintiff seeks to litigate by pseudonym principally because of the sensitive nature of his allegations. But as explained below, he mischaracterizes the Title IX complaint that was made against him, overemphasizes the professional consequences that might arise from being required to litigate in his own name, and ignores that he could seek to file under seal any sensitive medical and mental health information.

Plaintiff is a serial litigant, who has previously unsuccessfully sued a medical school for expelling him. He is also presently suing a gym for allegedly denying him employment and barring him from the premises after customers complained he was harassing them. As "John Doe" in this lawsuit, he has leveled baseless accusations against a law school, nearly a half-dozen of its deans and professors, and others. He has also seen fit to sue the law student who

---

[1] Defendants are Albany Law School ("ALS"), Grand River Solutions, Inc., Cinnamon Carlarne, Jenean Taranto, Rosemary Queenan, Dawn Barker-Floyd, Joan Cook, Jackie Moran, Keith Hirowaka, Michael Wetmore, Sophia Wilder, Mike Reid, and James Lauria.

Defendants do not include "Members of the Albany Law School Board of Trustees" and the "Albany Law School Rugby Club," neither of which is a recognized legal entity; nor has plaintiff served either of these purported defendants. *See* dkt. no. 30.

made a Title IX complaint against him, as well as two recent law school graduates who were members of the school rugby club. All of these parties are fully identified, as is the norm.

Plaintiff should not be afforded the unusual refuge of a pseudonym. Title IX does not create an "easement across the norm of using litigants' names," *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 492-93 (7th Cir. 2024), and Plaintiff has not demonstrated why he is one of those few litigants deserving of anonymity.

As further explained below, Plaintiff's motion should be denied. If the Court is inclined to grant Plaintiff's motion, Defendants would request that the Court grant him anonymity for the pre-trial portion of this case only, because allowing a party to use a pseudonym at trial presents special problems that would require further briefing at the appropriate time.[2]

## PROCEDURAL HISTORY

On or about October 16, 2025, Plaintiff filed the Complaint in this case under the name "John Doe." Yet in the Complaint's very first paragraph, Plaintiff identified himself by his full name. *See* Compl. at ¶ 1 (dkt. no. 1). Also on or about October 16, Plaintiff filed a motion for a preliminary injunction, and in the motion's very first paragraph identified himself by his full name. *See* Plaintiff's First PI Motion at p. 1 (dkt. no. 5).

On October 17, the Court (Nardacci, D.J.) issued an order denying (without prejudice) Plaintiff's preliminary injunction motion, finding it to be procedurally deficient. Dkt. No. 7. The Court also noted that in the event Plaintiff wanted to proceed by pseudonym, he needed to file a motion seeking permission to do so "that addresses the non-exhaustive factors set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008)." Id.

---

[2]  Defendants will soon move to dismiss the complaint.

On October 24, Plaintiff filed a motion to proceed by pseudonym. Dkt. no. 10. He argued that the case involved "allegations of highly sensitive, personal, and stigmatizing subject matter, including educational discipline, mental health, and sexual misconduct," and that as a "former law student seeking reinstatement and future bar admission," public disclosure would cause "irreparable reputational harm and professional prejudice." Id. He also noted that the Defendants knew who he was and that "[c]ourts in this Circuit routinely allow pseudonym use in Title IX and educational cases," and argued that the public interest in open proceedings was outweighed by his compelling privacy interests. Id.

On October 27, Plaintiff re-filed his preliminary injunction motion, again identifying himself by full name in the motion's very first paragraph. *See* Plaintiff's Second PI Motion at p. 1 (Dkt. no. 12).

On November 4, the Court (Lovric, M.J.) denied (without prejudice) Plaintiff's motion to proceed by pseudonym, finding that (i) the motion was procedurally defective and (ii) failed to address the ten (10) non-exhaustive factors, listed in *Sealed Plaintiff*, that courts often use to determine whether to override the presumption of public disclosure and to allow a party to proceed by pseudonym. Dkt. no. 13.

On December 8, 2025, Plaintiff filed a second motion asking that he be allowed to proceed by pseudonym. Dkt. no. 37 (to be referred to as "Mot.").

## ARGUMENT

### I.   Legal Standard

As the Court noted in rejecting Plaintiff's prior motion:

> The Federal Rules of Civil Procedure mandate that "[a]n action must be prosecuted in the name of the real party in interest." See, Fed. R. Civ. P. 17(a)(1). Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." See, Fed. R. Civ. P. 10(a). These rules are

3

intended to further the fundamental right of public access to the courts. That right, sometimes referred to as a presumption of access, is rooted in our nation's history. *See*, *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"); *see also Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). Courts have recognized a narrowly-crafted exception to requiring disclosure of party identities in cases where individual privacy concerns are implicated in a case. *Doe v. City of N.Y.* 201 F.R.D. 100, 101 (S.D.N.Y. 2001). In *Sealed Plaintiff v. Sealed Defendant,* the Second Circuit established a list of ten, non-exhaustive factors that courts should consider when determining whether to permit a party to proceed anonymously. *Sealed Plaintiff,* 537 F.3d at 190.

Dkt. no. 13. *Sealed Plaintiff's* ten factors are:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (cleaned up). As the sheer number of non-exhaustive factors suggests, a court's decision to permit a plaintiff to proceed anonymously is highly fact-dependent and requires an assessment, in each case, of the sensitivity of the subject matter, the harms that plaintiff claims would occur if he were made to sue in his own name (as the Federal Rules require and as nearly all plaintiffs must do); and the defendants' and the public's respective interests in full disclosure of litigants' names.

II.   **Plaintiff Has Failed to Meet His Burden for Proceeding by Pseudonym**

None of the *Sealed Plaintiff* factors counsels in favor of granting the Plaintiff's motion.

***Whether the litigation involves matters that are highly sensitive and of a personal nature***. This factor does not favor Plaintiff. He asserts that this case involves "accusations of 'stalking,' 'harassment,' and gender-based misconduct"; details of Plaintiff's "severe psychological deterioration" including a suicide attempt; and "academic sanctions with professional implications." Mot. at p. 3.

Plaintiff claims that courts routinely allow for proceeding by pseudonym in such matters, but cites only a handful of such cases involving allegations of rape and sexual assault, heinous criminal acts that are not at issue here. He also fails to recognize that cases involving sexual harassment and similar behavior are routinely litigated by plaintiffs, under their own names, in federal and state courts across the country. *See*, *e.g.*, *Doe v. Trs. of Ind. Univ.*, 101 F.4th at 492-93 (noting that "this suit is not about what happened during sexual relations," and that "[f]ederal courts adjudicate thousands of sex-discrimination suits annually without concealing the plaintiffs' names"); *Doe v. Del Rio*, 241 F.R.D. 154, 160 (S.D.N.Y. 2006) ("[T]he actions [sexual misconduct] alleged here are no more intimate than those alleged in hundreds of sexual harassment cases that are

5

prosecuted openly in the victims' names every day in our courts"). "Indeed, in many cases involving the ADA [Americans with Disabilities Act] or Title IX, plaintiffs frequently proceed under their own names regarding matters that are personal, sensitive, and involve medical records." *Doe v. Cornell Univ.*, 19-CV-1189 (MAD/ML), 2021 U.S. Dist. LEXIS 248809, *12 (N.D.N.Y. Jan. 28, 2021). Plaintiff also ignores that ALS dismissed the Title IX complaint filed against him (after he was expelled for fabricating evidence), *see* Compl. ¶ 57; any accusations of stalking and harassment were never adjudicated and thus have less tendency to be prejudicial to Plaintiff.

Plaintiff seeks to avoid having his name associated with claims of his "severe psychological deterioration," including a suicide attempt, but across numerous filings to date (including the instant motion), he has failed to detail and document his specific mental health issues, including the claimed suicide attempt. *See*, *e.g.*, *Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020) ("Without corroboration from medical professionals . . . [plaintiff's] general allegation of potential trauma is mere speculation about a risk of psychological injury that cannot support her motion to proceed under a pseudonym") (internal quotations, citation omitted). Moreover, as discussed further below, any references to his mental health issues could be filed under seal.

Finally, Plaintiff seeks to avoid having his name associated with "academic sanctions with professional implications," but again these are facts that are routinely the subject of litigation using parties' real names. *See*, *e.g.*, *Doe v. Ithaca City Sch. Dist.*, no. 25-cv-806 (ECC/MJK), 2025 U.S. Dist. LEXIS 222241, *7-8 (N.D.N.Y. Nov. 12, 2025) ("Protecting potential reputational and professional harm is an insufficient basis on which to proceed under a pseudonym"); *Doe v. Loyola Univ. Chi.*, 100 F.4th 910, 913-914 (7th

6

Cir. 2024) ("Although we recognize that no one wants a college's finding of misconduct broadcast in the pages of the Federal Reporter, a desire to keep bad news confidential, if adequate to justify secrecy, would lead to a norm of anonymity across swaths of civil and criminal litigation"). The claimed "professional implications," moreover, are vague and ill-defined. *See*, *e.g.*, *Doe v. Univ. of Vermont & State Agric. College*, no. 22-cv-144 (WKS), 2022 U.S. Dist. LEXIS 227691, *12 (D. Vt. Dec. 19, 2022) (plaintiff's claims of reputational and economic harm were "speculative and legally insufficient"). Also, if Plaintiff is ever in a position to apply for admission to a state's Bar, he would have to disclose his fabrication of evidence, and resulting expulsion from law school, regardless of whether he litigates this lawsuit in his own name. *See*, *e.g.*, *Matter of Olivarius*, 94 A.D.3d 1224, 1225 (3d Dept. 2012) ("candor and the voluntary revelation of negative information by an applicant are the cornerstones upon which is built the character and fitness investigation of an applicant for admission to the New York State bar").

   ***Whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties***. This factor does not favor Plaintiff. He faces no threat of physical harm. *Cf. Doe v. Syracuse Univ.*, 18-cv-0496 (FJS), 2018 U.S. Dist. LEXIS 154899, *13 (N.D.N.Y. Sept. 10, 2018) (noting that plaintiffs' fears of physical violence were well-founded, because their alleged conduct had become the subject of "national notoriety," with one fraternity member already assaulted and others threatened with physical harm). He again claims reputational harm, which for the reasons already stated, is insufficient to justify the extraordinary relief he seeks. He also claims "an active harassment/retaliation complaint," without explaining what he means; "unwanted outreach by police," which is

7

irrelevant; and Defendants' "explicit threat" to publicly identify him, referring to defense counsel's stated intention to re-file papers naming the Plaintiff, if and when the Court permits counsel to do so. *See* Dkt. no. 35. None of these factors, individually or collectively, warrant the special treatment Plaintiff is seeking. As this Court (Katz, M.J.) recently noted in rejecting a plaintiff's request to proceed by pseudonym in a case involving allegations of sexual misconduct, defamation, and invasion of privacy, made against a school district:

> Plaintiff has invited public scrutiny by filing an action in this Court. The public allegations against the individual Defendants likewise invite a measure of public scrutiny, and the allegations against them may well subject them to future criticism, stigma and embarrassment. This factor does not weigh in favor of allowing Plaintiff to proceed anonymously.

*Doe v. Ithaca City Sch. Dist.*, 2025 U.S. Dist. LEXIS 222241, *6. Plaintiff elected to file this case. Plaintiff fails to identify a harm sufficient to justify his own anonymity, particularly in view of the fact that Defendants are litigating this case in their own names, even though the allegations made against them are unfounded and they, too, are at risk of reputational harm.

*Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity*. This factor does not favor Plaintiff. He merely rehashes the same arguments made under other factors.

*Whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age*. This factor does not favor Plaintiff, who is in his early 30s.

*Whether the suit is challenging the actions of the government or that of private parties*. This factor does not favor Plaintiff. He is challenging the actions of a private

8

institution. Courts are more inclined to grant anonymity to plaintiffs suing the government. *See, e.g., Doe v. Cornell Univ.*, 2021 U.S. Dist. LEXIS 248809, *18 (lawsuit challenging the actions of private parties weighs in favor of public identification of plaintiff); *Doe v. Ithaca City Sch. Dist.*, 2025 U.S. Dist. LEXIS 222241, *9 ("It is accurate to state that when a plaintiff attacks governmental activity, the plaintiff's interest in proceeding anonymously is considered strong").

***Whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court***. This factor strongly favors the Defendants. Plaintiff has filed a lawsuit claiming that ALS, and its contractor Grand River Solutions, and employees of both institutions, committed gender and disability discrimination against him. He has also sued, by name, the student who made the Title IX complaint, as well as two recent ALS graduates who, he claims, were involved in a decision to "terminate" him from the school's rugby club.

Plaintiff seeks to hide behind a pseudonym, even though he admitted to the conduct – fabrication of evidence – that resulted in his expulsion[3], while leveling baseless accusations against law students and recent graduates who may very well face reputational consequences as a result of being named in this lawsuit. "Where a case involves potentially damaging allegations, basic fairness dictates that plaintiffs who publicly accuse defendants in civil suits must sue under their real names." *Doe v. Cornell Univ.*, 2021 U.S. Dist. LEXIS 248809, *19 (internal quotations, citation omitted).

---

[3] Plaintiff's admission to fabricating evidence, and his resulting expulsion, is discussed extensively in ALS' brief opposing his preliminary injunction motion. *See* dkt. no. 33.

9

Defendants should be able to defend themselves in public by showing, first, that Plaintiff's claims have no merit, and second, that Plaintiff is a serial litigant who files meritless lawsuits. For instance, years before he started at ALS, a medical school dismissed Plaintiff for failing a clerkship and exhibiting unprofessional conduct in a clinical setting. Plaintiff then unsuccessfully sued the medical school and numerous school officials, alleging a variety of constitutional violations, in a United States District Court. He also has a pending federal lawsuit against a gym that apparently refused to hire him and barred him from the premises following complaints that he was harassing female gym customers (in that case, he also sued four gym employees, the city in which the gym is located, two city police officers, and three gym customers).

In these other lawsuits, Plaintiff sued under his name, but Defendants cannot publicly cite to them as proof of his vexatiousness, so long as the Plaintiff can litigate anonymously. Having been baselessly accused of discrimination, Defendants should be able to defend themselves publicly by citing to these other cases, in order to demonstrate to the public that the person making these claims has a history of bringing unfounded lawsuits. *See Doe v. Trs. of Ind. Univ.*, 101 F.4th at 491-492 ("Why should a plaintiff be able to shield himself from public knowledge of his acts when throwing a harsh light on identified defendants? … Why should plaintiffs be free to inflict reputational harm while sheltering themselves from loss if it turns out that their charges are unfounded?").

***Whether the plaintiff's identity has thus far been kept confidential.*** This factor strongly favors the Defendants. By his own choice, Plaintiff's full name has been associated with this case for about two months, since the case's inception. His name appears in the first paragraph of the Complaint, and the first page of both preliminary

10

injunction motions. *See* Compl. at ¶ 1 (dkt. no. 1); Plaintiff's First PI Motion at P. 1 (dkt. no. 5); Plaintiff's Second PI Motion at p. 1 (dkt. no. 12). In the instant motion seeking to proceed by pseudonym, Plaintiff does not address why, given his apparent concerns, he repeatedly disclosed his own name; or how those prior disclosures bear on his request for relief. *See also*, *e.g.*, *Doe v. Cornell Univ.*, 2021 U.S. Dist. LEXIS 248809, *21-22 ("Prior disclosure to the public of a plaintiff's identity effectively nullifies the shield of privacy provided by proceeding anonymously"); *Sloley v. N.Y. State Dep't of Corr. & Cmty. Supervision*, no. 24-662, 2025 U.S. App. LEXIS 11882, *9 (2d Cir. May 16, 2025) (affirming district court's denial of plaintiff's motion to proceed by pseudonym, where "[the] case did not involve highly sensitive matters, … he did not allege a risk of physical harm as a result of his claims, and … he did not keep his own identity confidential because he filed a publicly docketed complaint with his name and Department Identification Number"). Plaintiff's repeated disclosure of his own name, on the public docket, is reason enough to deny his motion.

***Whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity.*** This factor does not favor Plaintiff. First, the public always has an interest in understanding who is utilizing the court system, and why. Second, the public has a specific interest in this case because it concerns a law student's expulsion for fabricating evidence during the course of a Title IX proceeding. If Plaintiff succeeds in becoming a lawyer, a member of the public should be able to locate this lawsuit, under Plaintiff's name, so that they can understand that he has fabricated evidence in the past; this may help someone decide whether to employ or retain the Plaintiff as a lawyer.

11

***Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.*** This factor does not favor Plaintiff. The public has an interest in understanding who, specifically, is filing a baseless lawsuit arising from his expulsion for fabricating evidence.

***Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.*** This factor does not favor Plaintiff. He repeatedly emphasizes the mental health disclosures he will need to make in this litigation, while ignoring that the Court has a well-established mechanism for dealing with such disclosures made by publicly identified litigants. The Court regularly allows for medical records to be filed under seal, *see* Local Rule 5.3, and Plaintiff could ask the Court to redact those portions of his pleadings dealing with his mental health. *See*, *e.g.*, *Anonymous v. Medco Health Solutions, Inc.*, 588 Fed. Appx. 34, 35 (2d Cir. 2014) (affirming district court's denial of plaintiff's motion to proceed by pseudonym, noting that "[r]edacted and sealed submissions are routinely used in cases involving sensitive medical information and this case may very well require some of these special measures").

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion to proceed under pseudonym should be denied. If the Court is inclined to grant Plaintiff's motion, Defendants would request that the Court grant him anonymity for the pre-trial portion of this case only, because allowing a party to use a

12

pseudonym at trial presents special problems that would require further briefing at the appropriate time.

Dated: December 18, 2025                                   BOND, SCHOENECK & KING, PLLC

By: _____
    Stuart F. Klein, Esq.
    Bar Roll No. 511691
    Michael S. Barnett, Esq.
    Bar Roll No. 519140
*Attorneys for Defendants*
22 Corporate Woods Blvd., Suite 501
Albany, New York  12211
Telephone:  (518) 533-3000
Email: sklein@bsk.com; mbarnett@bsk.com

13