**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

JOHN DOE *pro se*,

    **Plaintiff**,

v.

ALBANY LAW SCHOOL, et al.,

    **Defendants.**

Case No. 1:25-cv-01450 (NARDACCI, J.)

---

## PLAINTIFF'S MOTION TO SEAL AND REDACT PRIOR IDENTIFYING RECORDS IN AID OF PSEUDONYMITY

---

Plaintiff John Doe, proceeding pro se, respectfully moves the Court for an Order sealing or redacting previously filed docket entries and exhibits that publicly disclose Plaintiff's legal name, in order to effectuate Plaintiff's request to proceed under a pseudonym and to prevent ongoing irreparable harm. **Since defense counsel focuses on a student and two alumni as defendants, Plaintiff is happy to seal their names as well, in the interest of fairness and respect.**

In the alternative, should the Court determine that reassessment at a later stage is appropriate, Plaintiff respectfully requests that sealing and redaction be granted on a temporary basis, subject to modification upon a fuller record.

# I. INTRODUCTION

Plaintiff has moved to proceed in this action under a pseudonym due to the highly sensitive nature of this litigation, which involves sexual-misconduct-adjacent disciplinary proceedings, mental-health crisis, and serious professional consequences, including potential impact on bar admission and licensure.

Certain filings made during the earliest stages of this case inadvertently disclosed Plaintiff's legal name on the public docket. Plaintiff now seeks targeted, corrective relief to seal or redact those prior filings so that the Court may meaningfully adjudicate Plaintiff's pseudonym request and to prevent continued dissemination of identifying information that causes ongoing harm.

This request is not abstract. Since the initiation of this litigation, Defendants have escalated matters beyond the courtroom, including by initiating or prompting a harassment complaint with the New York State Police based on Plaintiff's protected litigation-related conduct, and by expressly indicating an intent to publicly disclose Plaintiff's identity should Plaintiff fail to obtain pseudonym protection. These actions underscore that the risk of retaliation, harassment, and reputational harm is real and ongoing, not speculative.

Plaintiff does not seek blanket sealing of the record, nor does Plaintiff ask the Court to ignore the reality of prior disclosure. Rather, Plaintiff seeks narrowly tailored sealing and redaction of specific identifying materials, with the express recognition that the Court may revisit this issue at a later stage if circumstances warrant.

# II. LEGAL STANDARD

District courts have inherent authority to seal or redact judicial records upon a showing of good cause, balancing the presumption of public access against countervailing interests such as privacy, safety, and the risk of irreparable harm. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006).

The Second Circuit has expressly recognized that courts may permit anonymity and associated sealing where identification would expose a litigant to stigma, retaliation, or severe personal and professional consequences. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189–90 (2d Cir. 2008).

## III. GOOD CAUSE EXISTS TO SEAL PRIOR IDENTIFYING RECORDS

**A. The Records at Issue Contain Highly Sensitive Identifying Information**

This case concerns allegations and disciplinary proceedings that are inherently sensitive and stigmatizing. Public disclosure of Plaintiff's identity in connection with such matters carries lasting reputational consequences regardless of the ultimate merits or outcome of the litigation.

**B. Defendants' Conduct Demonstrates a Concrete Risk of Harassment and Retaliation**

Unlike cases involving purely speculative harm, Defendants here have taken affirmative steps that heighten the risk associated with public identification. Defendants have initiated or facilitated a harassment complaint with the New York State Police arising from Plaintiff's litigation-related conduct and communications, thereby introducing the prospect of law enforcement involvement contemporaneous with this civil action.

In addition, Defendants have indicated—expressly and in writing—that they will seek to publicly disclose Plaintiff's identity should Plaintiff not be granted pseudonym protection. This

threatened disclosure is not incidental; it is leveraged in direct response to Plaintiff's efforts to protect his identity and pursue his claims.

These circumstances weigh heavily in favor of sealing because they demonstrate that public identification would expose Plaintiff to retaliation and harassment beyond ordinary litigation consequences, a factor the Second Circuit has deemed particularly significant. See Sealed Plaintiff, 537 F.3d at 190.

### C. Continued Public Availability Causes Ongoing and Irreparable Harm

Even limited public access to identifying filings enables search-engine indexing, third-party aggregation, and permanent digital association of Plaintiff's name with unresolved allegations. Courts have repeatedly recognized that while prior disclosure cannot always be undone, preventing further dissemination remains meaningful and appropriate. See Doe v. N.Y.U., 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019).

### D. Any Prior Disclosure Was Limited and Inadvertent

Any disclosure of Plaintiff's legal name occurred at the earliest stages of this litigation, before full briefing and adjudication of pseudonymity. Plaintiff did not intentionally waive anonymity and promptly sought corrective relief once the issue became apparent.

### E. Sealing Prior Records Is Necessary to Effectuate Pseudonymity

Absent sealing or redaction of prior identifying filings, any order permitting Plaintiff to proceed under a pseudonym would be rendered largely illusory. Courts routinely seal or redact earlier filings to preserve the effectiveness of anonymity where good cause exists.

### F. Temporary Sealing With Reassessment Is an Appropriate Alternative

If the Court determines that it would prefer to revisit sealing after a more developed record, Plaintiff respectfully submits that temporary sealing of prior identifying records, subject to reassessment, represents a prudent and balanced alternative. This approach preserves the status quo, prevents immediate irreparable harm, and maintains full judicial flexibility to modify or dissolve sealing if circumstances change.

Defendants will suffer no prejudice under either approach, as they already know Plaintiff's identity and retain full ability to litigate this matter.

---

## **IV. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1. Order that previously filed docket entries and exhibits identifying Plaintiff by legal name be sealed or redacted, with publicly available versions substituting "John Doe";
2. Direct the Clerk of the Court to restrict public access to such materials pending further order of the Court;

OR, IN THE ALTERNATIVE,

3. Grant the requested sealing and redaction on a temporary basis, subject to reassessment at a later stage of the proceedings;
4. Permit Plaintiff to file redacted public versions of sealed materials where feasible; and
5. Grant such other and further relief as the Court deems just and proper.

---

## V. CONCLUSION

Defendants' actions—including initiation of a law-enforcement complaint and threatened retaliatory disclosure—confirm that public identification poses a real and ongoing risk of harm unrelated to the merits of this case. Sealing or redacting prior identifying records is therefore necessary to prevent irreparable injury and to preserve the Court's ability to adjudicate Plaintiff's pseudonym request meaningfully. At minimum, temporary sealing with reassessment provides a measured and judicially efficient safeguard.

Respectfully submitted,

John Doe

Plaintiff, Pro Se

Dated: 12/18/25

**CERTIFICATE OF SERVICE**

      This is to certify that at true and exact copy of the foregoing and referenced exhibits was this 19 day of 12 deposited in the United States mail, postage prepaid, addressed for delivery, or sent electronically, to:

Stuart Klein, Esq.

Counsel for Defendants

Bond, Schoeneck, and King

sklein@bsk.com

(518) 928-4488

 

                                                                                      John Doe *Pro Se*