# BOND SCHOENECK & KING

22 Corporate Woods Boulevard, Suite 501 | Albany, NY 12211 | bsk.com

**MICHAEL BARNETT**
mbarnett@bsk.com

December 30, 2025

**VIA ECF**

Hon. Miroslav Lovric
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
15 Henry Street, Binghamton, NY 13901

Re: *John Doe v. Albany Law School, et al.*
Civil Case No. 1:25-cv-01450-AMN-ML

Dear Judge Lovric:

We write to respectfully oppose Plaintiff's motion to "seal and redact prior identifying records in aid of pseudonymity." Dkt. no. 48. We note that the Court has scheduled oral argument on this motion, as well as on Plaintiff's related motion to proceed by pseudonym, for January 14. Dkt. nos. 37, 50, 53.

Defendants have opposed Plaintiff's request to proceed by pseudonym, *see* dkt. no. 46, and those arguments apply with equal force to this new request to redact his name from three public filings. Defendants respectfully incorporate those arguments by reference as if fully set forth herein.

Plaintiff seeks to redact his name from the Complaint and from his two motions for a preliminary injunction – all documents that he filed. *See* Complaint at ¶ 1 (dkt. no. 1); Plaintiff's First Preliminary Injunction Motion at p. 1 (dkt. no. 5); Plaintiff's Second Preliminary Injunction Motion at p. 1 (dkt. no. 12).

Plaintiff claims that his disclosures of his own name – across multiple filings made on different dates – were "inadvertent," but fails to explain how that is possible. Plaintiff also fails to meet the standard for sealing articulated in Local Rule 5.3 and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-27 (2d Cir. 2006).

Court filings, including Plaintiff's Complaint and motions for a preliminary injunction, are judicial documents to which a strong presumption of public access attaches. *See, e.g.*, *Dean v. Sheehan*, 22-cv-746 (BKS/ML), 2025 U.S. Dist. LEXIS 124664, *51-53 (N.D.N.Y. July 1, 2025). For the reasons stated in Defendants' opposition to Plaintiff's request to proceed by pseudonym, he fails to overcome that strong presumption.

In any event, the Court's resolution of Plaintiff's motion to proceed by pseudonym should resolve this related motion to seal. If the Court grants Plaintiff's motion to proceed by

pseudonym, then it will presumably permit the redaction, from public filings, of Plaintiff's name and the names of the three defendants he consents to redact, *see* dkt. no. 48 at p.1.  If the Court denies Plaintiff's motion to proceed by pseudonym, then Plaintiff will be required to litigate in his own name, and this motion to seal will have been rendered moot.

Thank you for your attention to this matter.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Michael Barnett

cc: John Doe (electronic mail and First Class Mail)