**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JOHN DOE,

                        Plaintiff,

v.                                                          1:25-cv-01450 (AMN/ML)

ALBANY LAW SCHOOL, *et al.*,

                        Defendants.

---

**APPEARANCES:**                                   **OF COUNSEL:**

**JOHN DOE**
1538 Alexander Loop
Mayfield, Kentucky 42066
Plaintiff *pro se*

**BOND, SCHOENECK & KING, PLLC**          **STUART F. KLEIN, ESQ.**
20 Corporate Woods Blvd. – Suite 501       **MICHAEL S. BARNETT, ESQ.**
Albany, New York 12211
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

On October 16, 2025, Plaintiff *pro se*, identified by the pseudonym 'John Doe,'

commenced this action against Albany Law School and others, alleging that Albany Law School's

decision to expel Plaintiff from Albany Law School violated federal and state law. *See* Dkt. No.

1. Plaintiff filed a motion to proceed by pseudonym and a motion to seal and redact previously

filed identifying records on December 8 and December 18, 2025, respectively. *See* Dkt. Nos. 37,

48. Magistrate Judge Miroslav Lovric denied these motions on January 14, 2026. *See* Dkt. No.

76 ("Order"); *see also* Dkt. No. 91. Presently before this Court is Plaintiff's appeal of Magistrate

Judge Lovric's Order denying Plaintiff's motion to proceed by pseudonym and motion to seal and redact previously submitted identifying records.  Dkt. No. 78 ("Appeal").

For the reasons set forth below, Plaintiff's Appeal is denied and Magistrate Judge Lovric's Order is affirmed.

## II.    BACKGROUND

For a full recitation of the factual background, the Court refers the Parties to its previous Memorandum-Decision and Order on Plaintiff's motion for a preliminary injunction.  *See* Dkt. No. 87 at 2-6.[1]

Despite identifying himself by full name in his Complaint and initial preliminary injunction motion, *see* Dkt. Nos. 1, 5, Plaintiff moved to proceed by pseudonym on October 24, 2025.  Dkt. No. 10.[2]  On November 4, 2025, Magistrate Judge Lovric denied Plaintiff's motion without prejudice, finding that it was procedurally defective and failed to address the ten non-exhaustive factors enumerated in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008).  Dkt. No. 13.  Plaintiff then re-filed his motion on December 8, 2025, *see* Dkt. No. 37, and on December 18, 2025, separately filed a motion to seal and redact the previously submitted records that identify his full name.  Dkt. No. 48.

On January 14, 2026, Magistrate Judge Lovric held oral argument on the motions and subsequently issued an oral ruling from the bench denying both motions.  *See* Dkt. No. 91 at 14:13-18:16.   In his oral ruling, Magistrate Judge Lovric stated that after reviewing the Parties' submissions and taking into consideration the arguments presented by the Parties during oral

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] Plaintiff again identified himself by full name in his second motion for a preliminary injunction, which he filed on October 27, 2025.  *See* Dkt. No. 12 at 1.

argument, he found Defendants' arguments and reasoning to be persuasive. *See id.* at 14:13-15:03. In support of this conclusion, Magistrate Judge Lovric found that Plaintiff offered only generalized, boilerplate assertions that the disclosure of his identity "would expose him to professional, psychological, and safety dangers," without providing any specifics as to those purported dangers. *Id.* at 15:05-13. Then, Magistrate Judge Lovric noted that Plaintiff had disclosed his full name in at least three filings on the docket, which Plaintiff had also conceded. *Id.* at 15:14-21. Magistrate Judge Lovric also found that there was no presumption of anonymity for a plaintiff in a Title IX or educational discipline case, as the determination of whether to permit a party to proceed by pseudonym is fact-specific. *Id.* at 15:22-16:07. Lastly, Magistrate Judge Lovric found that there are alternative, less restrictive mechanisms for protecting the disclosure of Plaintiff's mental health information. *See id.* at 16:15-25. Specifically, Magistrate Judge Lovric noted that Plaintiff failed to address why a protective order under the Federal Rules of Civil Procedure, or an appropriate redaction or sealing of filings pursuant to Local Rule 5.3 could not sufficiently protect Plaintiff's potentially private information. *See id.* Additionally, with respect to Plaintiff's motion to seal and redact previously submitted identifying records, *see* Dkt. No. 48, Magistrate Judge Lovric denied the motion for the same reasons that supported denying Plaintiff's motion to proceed by pseudonym. Dkt. No. 91 at 18:10-13.

Magistrate Judge Lovric did not immediately order Plaintiff's name to be included in the case caption, and instead, provided Plaintiff until January 20, 2026 to decide whether he wanted to dismiss this case, or continue litigating the case under his own name. *See id.* at 23:17-23; *see also* Dkt. No. 76. On January 15, 2026, Plaintiff advised the Court of his intention to continue litigating this case under his own name, *see* Dkt. No. 80, and separately objected to Magistrate Judge Lovric's Order denying Plaintiff's motions to proceed by pseudonym and to seal and redact

previously submitted identifying records.  Dkt. No. 78.  That same day, Plaintiff also filed a motion

to stay the portion of Magistrate Judge Lovric's Order that directs the Clerk to add Plaintiff's full

name to the docket.  *See* Dkt. No. 79.  On January 23, 2026, the Court granted Plaintiff's motion

to stay the implementation of the Order pending the Court's review of Plaintiff's Appeal.  Dkt.

No. 84.  The Appeal has been fully briefed, *see* Dkt. Nos. 94, 98, 99, and is currently pending

before this Court.[3]

## III.    STANDARD OF REVIEW

"A magistrate judge may issue orders regarding nondispositive pretrial matters, and the

district court reviews such orders under the 'clearly erroneous or contrary to law' standard." *Lewis*

*v. Redline Hockey, LLC*, No. 24-cv-68, 2024 WL 1652491, at *1 (N.D.N.Y. Apr. 17, 2024) (citing

28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)), *aff'd*, No. 24-1342, 2025 WL 2629705 (2d Cir.

Sept. 12, 2025).  "An order is clearly erroneous when the reviewing court is left with the definite

and firm conviction that a mistake has been committed." *Oxford v. Uddin*, No. 22-cv-1315, 2023

WL 9111156, at *1 (N.D.N.Y. May 5, 2023) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92

F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).  "An order is contrary to law when it fails to apply or

misapplies relevant statutes, case law[,] or rules of procedure." *Id.* (quoting *Tompkins*, 92 F. Supp.

2d at 74).  "Under this highly deferential standard, magistrate judges are afforded broad discretion

in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused."

*Bright v. McIntosh*, No. 23-cv-1105 (AMN/ML), 2026 WL 730515, at *3 (N.D.N.Y. Mar. 16,

2026) (quoting *Lewis v. Adirondack Med. Ctr.*, No. 24-cv-376, 2024 WL 4448870, at *2 (N.D.N.Y.

---

[3] On March 5, 2026, Plaintiff filed a notice seeking to withdraw the declaration that he filed on February 27, 2026, *see* Dkt. No. 99-4, in order to narrow the issues presently before the Court and avoid unnecessary motion practice.  Dkt. No. 101.

Oct. 9, 2024)).  The Court therefore reviews Magistrate Judge Lovric's Order under the clearly erroneous or contrary to law standard.

## IV.    DISCUSSION

### A.  Legal Standard Governing Motions to Proceed by Pseudonym

Rule 10(a) of the Federal Rules of Civil Procedure requires that the title of a complaint name all parties to the action.  Fed. R. Civ. P. 10(a).  This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff*, 537 F.3d at 188-89.

"[P]seudonyms are the exception and not the rule[.]"  *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).  "A plaintiff seeking to proceed pseudonymously must rebut the presumption of openness and demonstrate that his need for anonymity outweighs the countervailing interests in full disclosure, including the public interest in disclosure and any prejudice to the defendant." *Doe v. Combs*, No. 25-1021, 2026 WL 742650, at *1 (2d Cir. Mar. 17, 2026) (internal quotation marks and citations omitted); *see also Doe v. Cornell Univ.*, No. 19-cv-1189, 2021 WL 6128807, at *3 (N.D.N.Y. Sept. 22, 2021).  Accordingly, courts in this Circuit consider ten non-exhaustive factors when evaluating a motion seeking leave to proceed by pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely

legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 189-90 (internal quotation marks and citations omitted).   A district court is not required to "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Doe v. Combs*, No. 24-cv-7776, 2025 WL 1079038, at *1 (S.D.N.Y. April 9, 2025) (quoting *id.* at 191 n.4).

### B.  Application

In his Appeal, Plaintiff generally argues that Magistrate Judge Lovric's Order is contrary to law because it adopts Defendants' arguments "wholesale" without applying the governing legal standards for pseudonymity pursuant to *Sealed Plaintiff*, or the Second Circuit's public access jurisprudence for sealing and redaction.  *See generally* Dkt. No. 78.  In response, Defendants contend that Magistrate Judge Lovric's decision properly applied the *Sealed Plaintiff* factors, none of which counsel in favor of granting Plaintiff's motion to proceed by pseudonym, and the standard for sealing is irrelevant.  *See generally* Dkt. No. 94.  After applying the *Sealed Plaintiff* factors in turn, the Court finds that the balance weighs against permitting Plaintiff to proceed pseudonymously.

The first factor considers whether the litigation involves matters that are highly sensitive and of a personal nature.  *See Sealed Plaintiff*, 537 F.3d at 190.  Plaintiff argues that the first factor weighs heavily in favor of pseudonymity because the record contains highly sensitive and personal matters that label Plaintiff as a stalker and contain "sexual-misconduct-adjacent behavior."  Dkt. No. 98 at 7-8.  First, "[a]llegations of sexual activity alone do not justify pseudonymity." *Doe v. United States Dep't of Just. Drug Enf't Admin.*, No. 23-cv-9407, 2023 WL 7165523, at *2 (S.D.N.Y. Oct. 31, 2023); *cf. Combs*, 2026 WL 742650, at *2 (rejecting the argument that the first

factor is dispositive in sexual assault cases because it "would create a presumption in favor of anonymity in every sexual assault case, which is contrary to settled law"). This case does not involve rape or sexual assault. Rather, this case involves allegations of harassment and stalking, conduct that is insufficient to warrant proceeding pseudonymously. *See* Dkt. No. 91 at 15:24-25, 16:01-07 (Magistrate Judge Lovric noting that the mere fact that a case involves Title IX or educational discipline does not, by itself, warrant permitting a party to proceed pseudonymously). Second, evidence of embarrassment or social stigmatization also does not justify proceeding pseudonymously. *See Doe v. Cornell Univ.*, No. 19-cv-1189, 2021 WL 6128738 at *5 (N.D.N.Y. Jan. 28, 2021), *aff'd*, 2021 WL 6128807 (N.D.N.Y. 2021); *see also Doe v. Trustees of Columbia University in the City of New York*, No. 21-cv-1697, 2021 WL 1253974, at *3 (S.D.N.Y. Apr. 1, 2021) ("Although [p]laintiff divulges personal details in his complaint and alleges that publicly litigating this matter is embarrassing, uncomfortable, and likely to damage his employment prospects, courts routinely reject such allegations as insufficient"); *see also* Dkt. No. 91 at 15:08-13 (Magistrate Judge Lovric noting that Plaintiff provides only general allegations of professional and psychological harm). Accordingly, the Court finds that the first factor weighs against proceeding pseudonymously.

The second and third factors involve the risk of retaliatory physical or mental harm to Plaintiff or to third parties. *See Sealed Plaintiff*, 537 F.3d at 190. Plaintiff contends that the second and third factors weigh in favor of anonymity because "public disclosure would expose Plaintiff to severe psychological harm" and the nature of this case may subject Plaintiff to "professional licensing scrutiny, long term career barriers, social stigma, and permanent online indexing." Dkt. No. 98 at 8, 10. First, with respect to Plaintiff's purported psychological harm, Plaintiff alleges that the disclosure of Plaintiff's name would expose Plaintiff to severe psychological harm, namely

due to an escalation of retaliatory threats from Ms. Wilder. *See id.* at 9. But a Defendant's prior knowledge of Plaintiff's identity weighs against the second and third factors. *S.L. v. City of New York*, No. 25-cv-9440, 2026 WL 948339, at *2 (S.D.N.Y. Apr. 8, 2026); *see, e.g.*, *Doe v. Townes*, No. 19-cv-8034, 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) (finding no risk of increased retaliatory harm from disclosure of plaintiff's identity where defendant is already aware of plaintiff's identity); *Doe v. Telemundo Network Grp. LLC*, No. 22-cv-7665, 2023 WL 6259390, at *5 (S.D.N.Y. Sept. 26, 2023) (same). "Indeed, where a defendant 'already knows [Plaintiff's] identity and can share both that fact and the fact of this litigation with others, allowing [Plaintiff] to proceed pseudonymously would not serve to protect h[im] or any non-parties from retaliation.'" *Doe v. D'Onofrio Gen. Contractors Corp.*, No. 26-cv-2860, 2026 WL 1146030, at *3 (S.D.N.Y. Apr. 28, 2026) (quoting *Doe v. Shader*, No. 25-cv-748, 2025 WL 1446011, at *2 (S.D.N.Y. May 19, 2025)). Additionally, "[p]rotecting [against] potential reputational and professional harm is an insufficient basis on which to proceed under a pseudonym." *Doe v. Ithaca City Sch. Dist.*, No. 25-cv-806, 2025 WL 3157792, at *3 (N.D.N.Y. Nov. 12, 2025) (citations omitted). Indeed, "courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests." *D'Onofrio*, 2026 WL 1146030, at *4 (collecting cases). "Plaintiff has invited public scrutiny by filing an action in this Court," and "[t]he public allegations against the individual Defendants likewise invite a measure of public scrutiny, [which] may well subject them to future criticism, stigma and embarrassment." *Ithaca City Sch. Dist.*, 2025 WL 3157792, at *3. Accordingly, the second and third factors do not weigh in favor of allowing Plaintiff to proceed pseudonymously.

The fourth factor asks "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age." *Sealed Plaintiff*, 537 F.3d at 190 (citation omitted).

As Magistrate Judge Lovric notes, this factor does not favor anonymity in this case because all Parties, including Plaintiff, are adults and no minors are involved. *See* Dkt. No. 91 at 16:08-14; *see also Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 (S.D.N.Y. 2021) ("If a plaintiff is not a child, this factor weighs against a finding for anonymity."). Accordingly, the fourth factor counsels against permitting Plaintiff to proceed pseudonymously.

The fifth factor considers whether the suit challenges the actions of the government or of private parties. *See Sealed Plaintiff*, 537 F.3d at 190. "Courts are less likely to grant a motion to proceed anonymously when the suit involves solely private parties, as compared to an action involving the government." *Townes*, 2020 WL 2395159, at *5 (citations omitted); *see also Ithaca City Sch. Dist.*, 2025 WL 3157792, at *4 (noting that "when a plaintiff attacks governmental activity, the plaintiff's interest in proceeding anonymously is considered strong"). This case involves private parties, who "have a substantial interest in maintaining their good name and reputation[.]" *Doe v. Skyline Auto*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019). Therefore, the fifth factor weighs against proceeding pseudonymously.

The sixth factor analyzes the prejudice to a defendant if a plaintiff were to proceed pseudonymously. *See Sealed Plaintiff*, 537 F.3d at 190. "[T]here is an imbalance that arises where a defendant must defend himself publicly while [a] plaintiff could make his accusations from behind a cloak of anonymity." *Combs*, 2025 WL 1993598, at *5 (internal quotation marks, citations, and alterations omitted). "Anonymity creates inherent asymmetry between the parties and would make it difficult to obtain witnesses and witness testimony if Defendant is not able to discuss Plaintiff's identity with witnesses." *Ithaca City Sch. Dist.*, 2025 WL 3157792, at *4 (citation omitted). "Where credibility is a factor," as is the case here, "allowing a plaintiff to

proceed pseudonymously presents an inherent risk of prejudice." *Id.* (citations omitted). Accordingly, the sixth factor weighs against pseudonymity.

The seventh factor considers "whether the plaintiff's identity has thus far been kept confidential." *See Sealed Plaintiff*, 537 F.3d at 190. "[I]f the identity of a plaintiff was previously disclosed in judicial or administrative proceedings, then the request to proceed anonymously should be denied." *Doe v. New England Stair Co., Inc.*, No. 18-cv-756, 2020 WL 12863508, at *3 (D. Conn. June 12, 2020). As both Defendants and Magistrate Judge Lovric note, Plaintiff has disclosed his full name in the first paragraph of his initial Complaint, *see* Dkt. No. 1 at ¶ 1, as well as on the first page of both his first and second preliminary injunction motions. *See* Dkt. No. 5 at 1; Dkt. No. 12 at 1; *see also* Dkt. No. 91 at 15:14-21. Accordingly, this factor weighs against Plaintiff's request to proceed by pseudonym. *See, e.g.*, *Rives v. SUNY Downstate Coll. of Med.*, No. 20-cv-621, 2020 WL 4481641, at *3 (E.D.N.Y. Aug. 4, 2020) (finding that the seventh factor weighed against permitting plaintiff to proceed pseudonymously because plaintiff filed the case under his own name and let it remain public for over four months before he moved to proceed by pseudonym).

As to the public interest, the eighth factor directs courts to consider "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190. Here, even for ordinary civil litigation between private parties, "the public's interest in identifying the parties to a proceeding is significant." *Rives*, 2020 WL 4481641, at *3; *see also Doe v. M&T Bank Corp.*, No. 21-cv-1186, 2022 WL 1114950, at *4 (W.D.N.Y. Apr. 14, 2022) (noting that "[e]ven in private civil suits, there is a significant interest in open judicial proceedings . . . because [they] further the public's interest in enforcing legal and social norms" (internal quotation marks and citations omitted)). The public's interest in cases of

10

discrimination is also high. *See Skyline Auto.*, 375 F. Supp. 3d at 408. The ninth factor suggests that if the issues presented are "purely legal in nature[,] . . . there is an atypically weak public interest in knowing the litigants' identities." *Id.* (quoting *Sealed Plaintiff*, 537 F.3d at 190). Here, there are no abstract questions of law at issue. Rather, Plaintiff's claims are factual in nature, as Plaintiff alleges that Defendants, in expelling Plaintiff from Albany Law School, discriminated and retaliated against him due to his gender and disability, *see generally* Dkt. No. 54, whereas Defendants contend that such expulsion was in response to Plaintiff's fabrication of evidence in the course of a Title IX proceeding. *See generally* Dkt. No. 73. Accordingly, the eighth and ninth factors weigh against allowing Plaintiff to proceed pseudonymously.

The final factor considers whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. Here, as Defendants and Magistrate Judge Lovric note, there are alternative, less restrictive mechanisms available to protect the disclosure of confidential and sensitive information, such as redacting or sealing Plaintiff's mental health records. *See* Dkt. No. 91 at 16:15-25. Accordingly, this factor weighs against granting Plaintiff's request to proceed by pseudonym. *See e.g.*, *A.V. v. New York State Bd. of L. Examiners*, No. 25-cv-4128, 2025 WL 3314419, at *2 (E.D.N.Y. Nov. 28, 2025) (affirming magistrate judge's denial of plaintiff's motion to proceed pseudonymously, in part, due to "the alternative mechanisms existing for protecting sensitive medical and health information, such as redacting all filings that detail [plaintiff's] medical conditions, diagnoses, and treatment").

Lastly, the Court properly denied Plaintiff's motion to seal and redact previously submitted identifying records as moot in light of the Court's denial of Plaintiff's motion to proceed by pseudonym.

*   *   *

"The fundamental question is whether Plaintiff has a 'substantial privacy' interest that 'outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Weinstein*, 484 F. Supp. 3d 90, 98 (S.D.N.Y. 2020) (quoting *Sealed Plaintiff*, 537 F.3d at 189). In this case, after evaluating the *Sealed Plaintiff* factors, the Court concludes that the balance of interests strongly weighs against granting Plaintiff's motion to proceed by pseudonym. Accordingly, Magistrate Judge Lovric's Order is not clearly erroneous or contrary to law.

### C. Plaintiff's Request for a Stay

Lastly, Plaintiff requests a stay of the implementation of the Order pending potential interlocutory appeal. *See* Dkt. No. 99 at 4-5; *see also* Dkt. No. 86 at 2 (requesting that implementation of the Order be delayed for a brief period "to preserve Plaintiff's appellate rights"). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of the Court's discretion." *Ozturk v. Hyde*, 136 F.4th 382, 390 (2d Cir. 2025) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)) (alterations omitted). The four factors courts consider are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Nken*, 556 U.S. at 434).

Here, Plaintiff has not shown that he is likely to succeed on the merits of his potential interlocutory appeal. In support of his request for a stay, Plaintiff argues that the *Sealed Plaintiff* factors "overwhelmingly favor anonymity" and again, contends that Magistrate Judge Lovric failed to analyze the *Sealed Plaintiff* factors. *See* Dkt. No. 98 at 14. This argument lacks merit, as the Court explains above. *See supra* Section IV(B). It is also worth emphasizing that "parties

12

are not normally allowed to proceed under pseudonyms," as there are only "a limited number of exceptions to the general requirement of disclosure of the names of parties." *See Doe v. Fashion Inst. of Tech.*, No. 25-cv-950, 2025 WL 3102351, at *2 (S.D.N.Y. Nov. 6, 2025) (denying motion to stay the court's order denying plaintiff's motion to proceed pseudonymously pending interlocutory appeal). Plaintiff also does not explain how he will be irreparably injured absent a stay. Indeed, Plaintiff advised the Court of his intention to continue litigating this case under his own name. *See* Dkt. No. 80. Instead, Plaintiff argues in a conclusory fashion that requiring him to litigate this case under his own name "would improperly convert pseudonymity into a punitive or moral judgment[.]" *See* Dkt. No. 98 at 15. The Court is unpersuaded.

Accordingly, given Plaintiff's failure to make a sufficient showing on either of the first two stay factors, which "are the most critical," *see Ozturk*, 136 F.4th at 390 (quoting *Nken*, 556 U.S. at 434), the Court declines to stay the implementation of Magistrate Judge Lovric's Order pending interlocutory appeal.

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Appeal, Dkt. No. 78, is **DENIED**; and the Court further

**ORDERS** that Magistrate Judge Lovric's Order, Dkt. No. 76, is **AFFIRMED** in its entirety; and the Court further

**ORDERS** that Plaintiff's request to stay the implementation of the Order is **DENIED**; and the Court further

**ORDERS** that the Clerk amend the caption to reflect Plaintiff's full and true name; and the Court further

**ORDERS** that all current docket filings wherein Plaintiff is identified as "John Doe" shall

13

be construed to have the full and true name of Plaintiff; and the Court further

**ORDERS** that all future filings on the docket shall identify all parties including Plaintiff by their full and true name; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 12, 2026
      Albany, New York

Anne M. Nardacci
U.S. District Judge

14