U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Aug 14 - 2026
John M. Domurad, Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**AUSTIN ROY CLARK,** *pro se*
Plaintiff,

v. Case No. 1:25-cv-01450 (AMN/ML)

**ALBANY LAW SCHOOL, et al.,**
Defendants.

---

# PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

Plaintiff-Appellant Austin Roy Clark, proceeding *pro se,* respectfully moves pursuant to 28 U.S.C. § 1915(a), Federal Rule of Appellate Procedure 24(a), and Local Rule 24.1 of the United States Court of Appeals for the Second Circuit for leave to proceed *in forma pauperis* on his appeal from the Court's August 12, 2026 Memorandum-Decision and Order.

In support of this motion, Plaintiff submits the accompanying affidavit required by Federal Rule of Appellate Procedure 24(a)(1) and respectfully states as follows:

## I. PLAINTIFF IS UNABLE TO PREPAY THE APPELLATE FEES AND COSTS

1. Plaintiff has filed a timely Notice of Appeal from the Court's August 12, 2026 Memorandum-Decision and Order.
2. Plaintiff presently lacks sufficient disposable financial resources to prepay the appellate filing and docketing fees and associated costs without impairing his ability to meet his basic financial obligations.
3. Plaintiff's current financial circumstances have materially changed from the period during which this litigation was initiated.
4. Plaintiff has recently obtained new employment. His present employment income is limited and does not provide sufficient disposable income to pay the appellate fees while simultaneously satisfying his existing mandatory financial obligations.

5. In particular, Plaintiff is presently responsible for substantial child-support obligations, which constitute a recurring and legally enforceable financial obligation that must be paid from his available income.
6. Plaintiff is also incurring substantial legal and litigation-related expenses associated with prosecuting this appeal and preserving his legal rights following the dismissal of his federal claims.
7. Those obligations, combined with Plaintiff's ordinary living expenses and other necessary financial commitments, leave insufficient disposable income to prepay the appellate filing and docketing fees without imposing substantial financial hardship.
8. Plaintiff is not seeking IFP status as a matter of convenience. He seeks such relief because payment of the appellate fees would require him to divert funds necessary for child support, basic living expenses, and the costs associated with prosecuting his appeal.
9. Plaintiff's accompanying affidavit provides the Court with the requested information concerning his income, assets, liabilities, expenses, and financial obligations.

## II. PLAINTIFF'S APPEAL IS TAKEN IN GOOD FAITH AND PRESENTS NON-FRIVOLOUS ISSUES

10. Plaintiff's appeal is not frivolous and is taken in good faith.
11. The appeal challenges the dismissal of Plaintiff's Title IX claims under Federal Rule of Civil Procedure 12(b)(6), which this Court's August 12, 2026 order resolved as a matter of law.
12. Among other things, Plaintiff intends to argue that the Court erred by treating the alleged inadequacy of Plaintiff's comparator as "fatal" to the Title IX discrimination claim and by concluding that dismissal could be predicated on that reasoning alone.
13. Plaintiff's principal appellate argument concerns whether the Amended Complaint, considered as a whole and under the governing pleading standard, plausibly alleged that sex influenced Albany Law School's disciplinary treatment of Plaintiff.
14. Plaintiff intends to rely, among other authorities, upon *Doe v. Columbia University*, 831 F.3d 46 (2d Cir. 2016), *Yusuf v. Vassar College*, 35 F.3d 709 (2d Cir. 1994), and *Schiebel v. Schoharie Central School District*, 120 F.4th 1082 (2d Cir. 2024).
15. In particular, *Schiebel* presents a substantial and directly relevant appellate issue because the Second Circuit recognized that a Title IX disciplinary claim brought by a male respondent may plausibly proceed where the complaint alleges circumstances supporting an inference that sex motivated the institution's disciplinary treatment, including allegations concerning procedural irregularities and sex-based bias.
16. Plaintiff also intends to challenge the dismissal of his Title IX retaliation claim.
17. Plaintiff alleges that he expressly opposed sex-based prejudgment and bias, that institutional decision-makers knew of that opposition, and that the School subsequently escalated disciplinary consequences despite previously contemplating lesser discipline.
18. Plaintiff therefore intends to argue that the district court improperly resolved competing inferences concerning causation against him at the pleading stage.
19. These issues present legitimate questions of federal law and are not frivolous.

20. Plaintiff accordingly satisfies the good-faith and merit requirements applicable to proceeding in forma pauperis.

## III. IFP STATUS IS APPROPRIATE UNDER RULE 24

21. Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking to appeal in forma pauperis must demonstrate inability to pay or provide security for fees and costs, claim an entitlement to redress, and state the issues intended to be presented on appeal.
22. Plaintiff satisfies those requirements through this motion and the accompanying affidavit.
23. Plaintiff further understands that Second Circuit Local Rule 24.1 requires an IFP motion to include a showing of likely merit as to each issue presented on appeal. Plaintiff has therefore identified the principal appellate issues and the authorities supporting them.
24. Plaintiff respectfully submits that the appeal presents substantial, non-frivolous issues concerning the application of Title IX pleading standards and this Circuit's precedent to the allegations in the Amended Complaint.
25. Plaintiff therefore respectfully requests leave to proceed on appeal without prepayment of fees and costs.

---

**WHEREFORE, Plaintiff-Appellant Austin Roy Clark respectfully requests that this Court:**

A. **GRANT** Plaintiff's Motion to Proceed In Forma Pauperis on Appeal;

B. authorize Plaintiff to prosecute his appeal to the United States Court of Appeals for the Second Circuit without prepaying the applicable appellate filing and docketing fees or providing security therefor;

C. direct the Clerk to transmit notice of the Court's determination to the Clerk of the United States Court of Appeals for the Second Circuit as required by Federal Rule of Appellate Procedure 24; and

D. grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Austin Roy Clark
**AUSTIN ROY CLARK**
Plaintiff-Appellant, Pro Se

Dated: 08/14/2026

**CERTIFICATE OF SERVICE**

This is to certify that at true and exact copy of the foregoing and referenced exhibits was this 14th day of 8 deposited in the United States mail, postage prepaid, addressed for delivery, or sent electronically, to:

Stuart Klein, Esq.

Counsel for Defendants

Bond, Schoeneck, and King

sklein@bsk.com

(518) 928-4488

__/s/ Austin Clark_____

Austin Roy Clark *Pro Se*